UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SAMUEL L. DENNIS,                    )
                                     )
          Plaintiff,                 )
                                     )
          v.                         )    NO.  3:10-0074
                                     )    Judge Haynes/Bryant
LAWRENCE TAYLOR, JR. and METRO       )
POLICE DEPARTMENT,                   )
                                     )
          Defendants.                )

**TO: The Honorable William J. Haynes, Jr.**

### REPORT AND RECOMMENDATION

The District Judge has granted plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Docket Entry No. 8) and has referred this case to the undersigned Magistrate Judge for pretrial management and report and recommendation on any dispositive motion (Docket Entry No. 13).

Plaintiff has filed an action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when defendant Lawrence Taylor, Jr., a member of the Metropolitan Police Department, used excessive force when arresting plaintiff on September 6, 2009, in Davidson County, Tennessee.

The undersigned Magistrate Judge finds that the complaint states at least a facially plausible claim of constitutional violation against defendant Taylor.  However, the Metro Police Department is not a legal entity subject to suit.  Nor does the complaint allege that some policy or custom of the Metropolitan Government was the moving force behind the constitutional

violations alleged in the complaint.  Therefore, the complaint against the Metro Police Department must be dismissed for failure to state a claim.  <u>See</u> <u>Matthews v. Jones</u>, 35 F.3d 1046, 1049 (6th Cir. 1994); 28 U.S.C. § 1915(e)(2)(B).

<u>**RECOMMENDATION**</u>

For the reason stated above, the undersigned Magistrate Judge **RECOMMENDS** that the complaint against defendant Metro Police Department be **DISMISSED** for failure to state a claim upon which relief can be granted, and that, following an order assessing costs, the complaint against defendant Taylor be allowed to proceed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 15th day of March 2011.

s/ John S. Bryant<br>
JOHN S. BRYANT<br>
United States Magistrate Judge