IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL L. DENNIS | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 3:10-cv-0074<br>) JUDGE HAYNES |
| LAWRENCE TAYLOR, JR. | )<br>) |
| Defendant. | )<br>)<br>) |

### ORDER

Plaintiff, Samuel L. Dennis, filed a pro se complaint under 42 U.S.C. § 1983 against Defendants, Officer Lawrence Taylor, Jr. and the Metro Police Department. Plaintiff asserts that excessive force was used against him during his arrest violating his rights under the Fourth Amendment. Defendant Metro Police Department was dismissed from the action for Plaintiff's failure to state a claim upon which relief can be granted. (Docket Entry No. 19).

Before the Court is Defendant Taylor's motion to dismiss (Docket Entry No. 25) for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Defendant argues that Plaintiff's guilty plea to the resisting arrest charge precludes a § 1983 suit on the grounds of excessive force. In the alternative, Defendant argues he is entitled to qualified immunity.

Plaintiff has not responded to Defendant's motion beyond noting that Plaintiff opposes the motion and alleging that his guilty plea was coerced.[1] (Docket Entry No. 27). Nevertheless, the Court, at a minimum, must examine the merits of Defendant's motion. Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991).

---

[1] Beyond making the allegation, Plaintiff does not offer any facts to suggest the plea was coerced.

Upon a motion to dismiss, "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). The Court "'need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. at 903 (citations and quotation marks omitted).

A Fourth Amendment excessive force claim is barred when the success of the claim would imply the invalidity of the claimant's prior conviction or sentence. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). Plaintiff pled guilty to resisting arrest under Tenn. Code Ann. § 39-16-602. (Docket Entry No. 1, General Sessions Case Summary at 8). Under Tennessee law, an arresting officer's excessive use of force is a defense to a criminal charge of resisting arrest. Roberts v. Anderson, 213 Fed. Appx. 420, 427 (6th Cir. 2007); Tenn. Code Ann. §§ 39-16-602; 39-11-611(e). Plaintiff's guilty plea constitutes a determination that excessive force was not used. Id. Thus, Plaintiff's excessive force claim under § 1983 must be dismissed:

> Undoubtedly, if plaintiff were to prevail in this Court on his claim that he was subjected to excessive force during his arrest, this would connote that his state court conviction for resisting arrest was invalid. Plaintiff has not shown that his conviction for resisting arrest has been vacated, set aside or otherwise invalidated, and, until he does, Heck bars his claims of excessive force during his arrest.

Hayes v. Kingsport Police Dep't, 2008 WL 782503, at *4 (E.D. Tenn. 2008).

2

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's claims (Docket Entry No. 25) is **GRANTED.**

This action is **DISMISSED with prejudice**. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED.**

**ENTERED** this the 13th day of July, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge

3